UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTAN ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:17-cv-00355-DBH |
| | ) | |
| POLAND SPRING WATER | ) | |
| CO OWNER, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE

On September 13, 2017, Plaintiff filed a complaint and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 4.) The Court granted the motion on November 15, 2017 (ECF No. 5), and ordered Plaintiff to notify the Court no later than December 5, 2017, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order would result in a dismissal recommendation.

Because Plaintiff failed to comply with the order, on December 11, 2017, the Court issued an Order to Show Cause. (ECF No. 6.) In the Show Cause Order, the Court established December 27, 2017, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff has not responded to the Show Cause

Order, and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court dismiss the matter without prejudice.

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's November 15, 2017, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No. 5), and (b) failed to show cause in accordance with the Court's Order to Show Cause. (ECF No. 6.) Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court following the filing of the complaint and Application for Leave to Proceed *In Forma Pauperis* on November 6, 2017 (ECF No. 4), dismissal is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of January, 2018.

---

[1] I note that the docket reflects that the Order to Show Cause that was forwarded to Plaintiff was returned as undeliverable. (ECF No. 7.) The fact that Plaintiff might not have received the Order to Show Cause does not alter the recommendation. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online).